UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.   05-248 M |
| v. | ) | |
| MARTIN CARRILLO-VILLA, | ) | DETENTION ORDER |
| Defendant. | ) | |

Offense charged:   Illegal Re-Entry After Deportation, in violation of Title 18, Section 1326(a).

Date of Detention Hearing: May 18, 2005.

The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet  will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Don Reno.  The defendant was represented by Robert Gombiner.

The Government filed a Motion for Detention, and further asserted that the defendant is a Mexican national and citizen who has previous deportations, only to illegally

DETENTION ORDER
PAGE -1-

re-enter the United State once again.  Additionally, the Government noted that the defendant has an extensive criminal history and is a convicted felon.

The defense stipulated to detention.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    The defendant represents a risk of nonappearance due to the following: He is a citizen and national of Mexico who has previously been deported;  his ties to the Western District of Washington are unknown; he has a history of failing to appear for court hearings; he has an active warrant from Oregon State; and BICE has filed a detainer.

    (2)    The defendant represents a risk of danger due to his extensive criminal history and unknown background.

    (3)    The defendant does not contest detention.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

    (l)    Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

    (2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

    (3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

    (4)    The clerk shall direct copies of this order to counsel for the United

DETENTION ORDER
PAGE -2-

States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of May, 2005.

---
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-